UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| BARBARA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HELP AT HOME, LLC, | ) | Case: 3:23-cv-02578 |
| | ) | |
| Defendant. | ) | |

**MOTION OF DEFENDANT HELP AT HOME, LLC TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COMES Defendant, HELP AT HOME, LLC, by and through its attorneys, CLAUSEN MILLER P.C., and hereby moves to dismiss Plaintiff's Complaint *with prejudice* pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff, BARBARA WILLIAMS (hereinafter referred to as "Plaintiff" or "Williams"), filed her Complaint at Law on July 25, 2023. (*See* Dkt. No. 1 - Plaintiff's Complaint at Law.) Plaintiff's claims are brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/4(a)(1) ("IMWL") for alleged violations of the FLSA and FWLA regarding minimum wage, and retaliation. HELP AT HOME, LLC (hereinafter referred to as "HAH") brings this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff's Complaint fails to establish a *prima facie* case of discrimination under the provision listed above because she has not identified any similarly situated individuals to whom she can be compared, she has not shown evidence of quantitative or qualitative change in the terms

1

or conditions of her employment, she has not shown real harm; and thus, Plaintiff's Complaint should be dismissed in its entirety *with prejudice.*

## II. BACKGROUND FACTS[1]

Plaintiff was employed by HAH on or about July of 2022 at the facility located in Jackson County at 1350 E. Mall Drive, Carbondale, IL 62901. Dkt. No. 1, ¶ 6-8. HAH is a home care services' provider that offers at-home care by professional caregivers to assist patients for post-hospital care, extra help on a regular or intermittent basis, or other high-quality care at home for individuals with chronic illnesses.

Plaintiff was hired as a Caregiver at HAH, and maintained that role until her employment dismissal. Dkt. No. 1, ¶ 8. HAH is the employer of Plaintiff, and Plaintiff is the employee of HAH. Dkt. No. 1, ¶ 11-12. During Plaintiff's employment with HAH as a Caregiver, she was an at-will employee, meaning that both employer and employee may terminate the employment relationship at any time for any reason, without providing prior notice, warning or discipline. Dkt. No. 1, ¶ 7-12. Plaintiff was a non-exempt employee, which means that she is entitled to minimum wage and overtime pay when she works more than forty hours per week. *Id*. Plaintiff claims that she worked approximately 30 hours or less per week from September 2022 through present. Dkt. No. 1, ¶ 14-15. Plaintiff alleges that HAH did not pay her at least minimum wage, but she does not allege what wage she was getting paid, she does not allege any dates of any improper pay, she does not allege any of her supervisors that she notified, and she does not provide any calculations to support her legal conclusions. Dkt. No. 1, ¶ 15-22.

Plaintiff also alleges that HAH engaged in fraudulent conduct, but her Complaint does not have a separate count for the alleged fraud, and does not seek recovery under the alleged fraud.

---

[1] The facts taken from Plaintiff's Complaint and are presumed as true for purposes of this motion only. Defendant disputes the vague and conclusory material factual allegations in Plaintiff's Complaint.

10204081.1

Dkt. No. 1, ¶ 17-19. Plaintiff only seeks recovery under the Fair Labor Standards Act (Count I), Illinois Minimum Wage Law (Count II); and Fair Labor Standards Act—Retaliation (Count III). *See generally* Dkt. No. 1.

HAH has maintained policies regarding the pay of employees which was provided to all employees upon hire.

### III. LEGAL STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) rests on whether the plaintiff has properly stated a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The pleading is not required to set forth detailed factual allegations, but it does require something more than basic, conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In particular, the pleading must contain allegations that "state a claim to relief that is plausible on its face." *Id*. (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when "the pleaded content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must be decided solely on the face of the complaint and any attachments that accompanied its filing. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Well-pleaded allegations in the complaint are accepted as true and the court can draw all reasonable inferences in favor of the plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F. 3d 1245, 1248 (7th Cir. 1997). However, "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Jackson v. E.J. Brach Corp.*, 176 F. 3d 971, 977-978 (7th Cir. 1999) (citing *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995)). To survive

3

a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Black v. Littlejohn*, 2021 U.S. Dist. LEXIS 42740, *1, 2021 WL 860358 (N.D. Ill. March 8, 2021). Where an affirmative defense or other bar to relief is apparent from the face of the compliant, dismissal is proper. *Perminas v. Novartis Seeds, Inc.*, 2000 U.S. Dist. LEXIS 17743, *5, 2000 WL 1780249 (N.D. Ill. Dec. 1, 2000).

## IV.  ARGUMENT

1. **PLAINTIFF'S COMPLAINT FAILS TO ESTABLISH THAT HELP AT HOME VIOLATED FAIR LABOR STANDARDS ACT & ILLINOIS MINIMUM WAGE ACT BY NOT PAYING HER MINIMUM WAGE.**

Plaintiff's Complaint alleges that she was not paid at least the minimum wage for the hours worked, and was not paid her agreed upon rate with HAH. Dkt. No. 1, p. 3-5.  However, Plaintiff does not allege specific facts to show that HAH did not pay her the proper wages according to her employment agreement.  To assert a claim under the Fair Labor Standards Act 29 U.S.C. § 201 ("FLSA") and show liability, a plaintiff must show that they are an employee under the FLSA, they do not fall into an exemption to the statute, and they were not properly compensated for work for which their employer was aware. *Ingram v. Hagen*, 161 F. Supp. 3d 639, 645, 2015 U.S. Dist. LEXIS 178189, *12 (S.D. Ill., Nov. 19, 2015); *Kellar v. Summit Seating, Inc*., 664 F.3d 169, 173, 178 (7th Cir. 2011). Illinois requires a higher minimum hourly wage than the one established by the Fair Labor Standards Act, and the higher state minimum controls. 29 U.S.C. § 218(a). The standard under Rule 12(b)(6) "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is undisputed that Plaintiff was working as an employee at HAH, and that HAH was an employer of Plaintiff as defined under the FLSA. *See* 29 U.S.C. § 203(d)(e). Also, based on the reading of the FLSA, there does not appear to be any exemptions available to HAH. *See* 29 U.S.C. § 213. However, these two elements are not the main issues to be addressed in this motion. The

4

last element – Plaintiff was not properly compensated for work for which HAH was aware – is the most important element that has not been satisfied by Plaintiff in her Complaint, with no facts supporting her causes of action under the FLSA and Illinois Minimum Wage Age ("IMWA").

Plaintiff alleges that she reported HAH's fraudulent practices to the Illinois Department of Labor ("IDL"), but did not attach the report, and more importantly, did not attach any investigations or findings of the IDL.  Dkt. No. 1, ¶ 20. Plaintiff does not even cite the provisions of the FLSA to support her claims that she was not paid properly. As stated under the FLSA § 206: Minimum wage (a) Employees engaged in commerce…Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (C) $7.25 an hour, beginning 24 months after that 60th day of May 25, 2007. Based on the federal statute, HAH met the required minimum wage provisions as Plaintiff does not allege that she was paid below the minimum amount. Instead, she claims that she was not paid for all hours worked, but then failed to support her allegations with any facts or evidence.  Dkt. No. 1, ¶ 30-32.

Illinois requires a higher minimum hourly wage than the one established by the FLSA, and the higher state minimum controls. *See* 29 U.S.C. § 218(a); *Calderon v. J. Younes Constr. Llc & John Younes, LLC*, 2013 U.S. Dist. LEXIS 87817, *23 (N.D. Ill., June 23, 2013).  Thus, under 820 ILCS 105/4(a)(1) from January 1, 2022 through December 31, 2022, every employer shall pay to each of its employees who is 18 years of age or older, not less than $12 per hour, and from January 1, 2023 through December 31, 2023 every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $13 per hour… *See* 820 ILCS 105/4(a)(1).

Plaintiff alleges in her Complaint that she should have been paid $15 per hour, but she provides no supporting facts, allegations, or evidence to indicate where she obtained that payment amount. Furthermore, she does not provide any time sheets, timecards, pay stubs, or any other materials to show her payment amount with the corresponding pay period. Even at this early pleading stage, Plaintiff does not have sufficient allegations to support her claims for violations under the FLSA and IMWA. Plaintiff does not allege any specific facts to support these legal conclusions. Mere legal conclusions as asserted in Plaintiff's Complaint are insufficient to survive a motion to dismiss. *Cooper v. Dart*, 2023 U.S. Dist. LEXIS 23789, *13, 2023 WL 1970694 (N.D. Ill. Feb. 13, 2023). Moreover, Plaintiff does not provide any offer of employment or any employment contracts with HAH to indicate how much she was to be compensated per hour. (*See Perizes v. Dietitians at Home, Inc.*, 2019 U.S. Dist. LEXIS 108479 *9) (holding that Plaintiff's complaint did not indicate how many hours she had worked per week with no factual support, and thus Plaintiff's minimum wage claims were dismissed).

Even taking the allegations in the light most favorable to the nonmovant, Plaintiff's entire Complaint consists of vague and ambiguous statements without stating names, positions, titles, or persons at HAH who violated the statutes for wages. The allegations in Plaintiff's Complaint are not facially plausible as they fail to contain the factual content to allow the Court to draw the reasonable inference that Defendant is liable in the violation alleged. *Watkins v. Burlington Northern & Santa Fe Ry.*, 2022 U.S. Dist. LEXIS 171470, *10, 2022 WL 4386684 (N.D. Ill September 21, 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)).

Based on the foregoing, there is no reasonable inference that HAH's alleged violation of the minimum wage statutes under the FLSA and IMWA has been properly alleged as no factual allegations have been asserted to show how Plaintiff was not paid the appropriate amount when employed by HAH. Without clearly showing any violation of compensation said to be received

by Plaintiff, Plaintiff's Complaint cannot withstand a motion to dismiss. Therefore, Plaintiff's Complaint should be dismissed in its entirety.

2. **PLAINTIFF FAILS TO STATE A VALID CAUSE OF ACTION UNDER RETALIATION.**

Plaintiff's Complaint alleges a count for retaliation but does not allege any facts to support this claim. Dkt. No. 1.  A retaliation claim requires proof that the employer took a "materially adverse" action against an employee because he engaged in protected activity or because another person close to him did so.  *Lesiv v. Illinois Cent. R.R. Co.*, 39 F. 4th 903, 908, 2022 U.S. App. LEXIS 19274, *2 (7th Cir. 2022).  A materially adverse action is defined as an action "that a reasonable employee would find to be materially adverse such that the employee would be dissuaded from engaging in the protected activity."  *Poullard v. McDonald*, 829 F. 3d 844, 856 (7th Cir. 2016).  The actions must rise above "trivial harms," such as "petty slights or minor annoyances that often take place at work and that all employees experience," which do not qualify as materially adverse.  *Lesiv v. Illinois Cent. R.R. Co.*, 39 F.4th 903, 912, 2022 U.S. App. LEXIS 19274, *11 (7th Cir. 2022).

Plaintiff does not allege such an incident sufficient to rise to the level of materially adverse action, let alone an incident or incidents that dissuaded employees from engaging in the protected activity. The sole item Plaintiff labels "retaliation" is being issued "unwarranted write-ups" and threats to terminate, but she does not state any dates, time, or the names of the persons who wrote these write-ups or said these threats.  Dkt. No. 1, ¶ 45, 47.  There is no indication that the alleged write-ups were unwarranted as Plaintiff does not elaborate on such issues, even though she claims retaliation.

Plaintiff does not allege any actions committed by her supervisor. Plaintiff does not allege whether or not she reported any improper behavior to human resources. Plaintiff does not identify

any other similarly situated employees by name or positions that received better treatment than she did.  With such sparse details contained within Plaintiff's Complaint, HAH is unable to investigate the claims asserted to be able to build its defense strategies and develop defenses. Further, Plaintiff does not specifically allege that HAH took a materially adverse action against Plaintiff or any other employee.  This is not the severe or pervasive conduct the law recognizes as creating a legally actionable retaliation.  In addition, Plaintiff was never terminated from her employment with HAH, and was never put on suspension or unpaid leave.

Plaintiff's vague allegations and legal conclusion do not rise to a level of retaliation where staff felt conditions of an abusive work environment and were above trivial harms.  Plaintiff does not have any supporting allegations of other staff members or employees feeling any sort of retaliation during their employment.  Ultimately, Plaintiff's Complaint fails to allege any legally cognizant cause of action.  As such, Plaintiff's cause of action for retaliation and constructive discharge should be dismissed in its entirety.

3. **PLAINTIFF'S COMPLAINT CONTAINS SURPLUSAGE REGARDING FRAUD, WHICH SHOULD BE STRICKEN FROM THE COMPLAINT.**

In Plaintiff's Compliant, she alleges that HAH engaged in insurance fraud when it billed for deceased patients. Dkt. No. 1, ¶ 17-19.  These prejudicial and unsupported allegations do not provide any sustenance to Plaintiff's three-count Complaint under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/4(a)(1) ("IMWL") for alleged violations of the FLSA and FWLA regarding minimum wage, and retaliation. Surplusage should be stricken if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. *United States v. Agee*, 2021 U.S. Dist. LEXIS 128206 *8 (S.D. Ind., July 9, 2021) (citing *United States v. Peters*, 435 F.3d 746, 753 (7th Cir. 2006)).

8

The allegations of fraud have no legal relevance to the claims for minimum wages not being paid to Plaintiff. The surplusage under paragraphs 17 through 19 have no relevant to any of the counts, are unfairly prejudicial and inflammatory, and serves no purposes other than to distract the trier of fact for Plaintiff's burden of proof. *Id*. Given the absence of any counts of fraud against HAH in Plaintiff's Complaint including the Prayer for Relief, paragraphs 17 through 19 of Plaintiff's Complaint should be stricken as it amounts to surplusage unrelated to the causes of action asserted by Plaintiff.

## V. **CONCLUSION**

WHEREFORE, Defendant, HELP AT HOME, LLC, moves this Honorable Court pursuant to Federal Rules of Civil Procedure 12(b)(6) to Dismiss Plaintiff's Complaint in its entirety with *prejudice*, and for any other relief this Court deems reasonable and just.

Respectfully Submitted,

CLAUSEN MILLER, P.C.

By: */s/ Kathleen M. Klein*
Kathleen M. Klein

Kathleen M. Klein (Bar No.: 6306342)
kklein@clausen.com
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL 60603-1098
(312) 855-1010
Attorney for Defendant, Help At Home, LLC

9

10204081.1

## CERTIFICATE OF SERVICE

      I hereby certify that on September 28, 2023, I electronically filed the foregoing Motion Of Defendant Help At Home, LLC To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(b)(6) together with the proposed order, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      All Counsel of Record

*/s/Kathleen M Klein*

10204081.1