IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-2578-MAB |
| | ) |
| HELP AT HOME, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Barbara Williams filed a complaint against Defendant Help at Home, LLC, for claims arising under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") (Doc. 1). Presently before the Court is Help at Home's motion to dismiss (Doc. 17). For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Williams was employed by Help at Home as a caregiver, classified as a non-exempt employee, in or around July 2022 (Doc. 1 at p. 2). Non-exempt employees, like Williams, are entitled to minimum wage and overtime pay when they work more than forty hours per week. *See* 29 U.S.C. § 206. Help at Home is a home care services provider that offers at-home care by professional caregivers to, *inter alia*, assist patients with post-hospital care, chronic illness, and any extra help on a regular or intermittent basis (Doc. 17 at p. 2). Williams was an at-will employee, meaning both she and Help at Home had the option to terminate the employment relationship at any time, for any reason, without providing prior notice, warning, or discipline (*Id.*). Williams estimates that she routinely

worked 30 hours or less in a work week (Doc. 1 at p. 3). She alleges that in most, if not all, work weeks from around September 2022 through the time she filed her complaint in July 2023, she was not paid minimum wage for all hours worked (*Id.*).

Williams further claims that during her employment, she noticed Help at Home billed the insurance of a deceased individual despite no services being rendered (*Id.*). In November 2022, she reported this, as well as well as Help at Home's failure to pay her minimum wage, to the Illinois Department of Labor (*Id.*). After making this report, Help at Home informed Williams that she received five write-ups but neither disclosed the reasons for the write-ups nor allowed her to see them (*Id.*). Williams also contends that Help at Home informed her union that it intended to terminate her employment (*Id.* at p. 4).

Williams filed this action on July 25, 2023 (Doc. 1). Her complaint advanced three counts: (1) a violation of the Fair Labor Standards Act for failing to pay her minimum wage for all hours worked; (2) a violation of the Illinois Minimum Wage Law for failing to compensate her at $15.00 per hour for all hours worked; (3) a violation of the Fair Labor Standards Act for retaliating against her (*Id.* at pp. 4-6). In response, Help at Home filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Williams failed to state a claim upon which relief can be granted (Doc. 17). On October 12, 2023, Williams filed her response and supporting memorandum in opposition to Help at Home's motion to dismiss (Doc. 19, 20).

## LEGAL STANDARD FOR MOTIONS TO DISMISS

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). In order to state a claim upon which relief can be granted, the plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's pleading must state a claim that is facially plausible, meaning that "the pleaded content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the plaintiff does not need to provide "detailed factual allegations," the plaintiff must plead more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In deciding whether the complaint sufficiently states a claim, the court takes well-pleaded allegations in the complaint as true and draw all permissible inferences in favor of the plaintiff. *See, e.g.*, *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512-13 (7th Cir. 2020). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

## DISCUSSION

### I.   Count I: Violation of the Fair Labor Standards Act – Minimum Wages

In Count I, Williams alleges a violation of the Fair Labor Standards Act, 29 U.S.C §201, *et seq.*, for failure to pay minimum wage for all hours she worked (Doc. 1 at pp. 4-5). Help at Home contends this claim should be dismissed because Williams fails to allege specific facts to show it did not pay her minimum wage (Doc. 17 at pp. 4-6).

The minimum wage provision of the FLSA provides: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: … not less than … $7.25 an hour[.]" 29 U.S.C. § 206(a). Liability for violating the FLSA exists if the plaintiff qualifies as an employee under the Act, she does not fall into an exemption to the statute, and she shows she was not properly compensated for work that her employer was aware of. *Ingram v. Hagen,* 161 F.Supp.3d 639, 645 (S.D. Ill. 2015) (citing *Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 173, 178 (7th Cir. 2011)). Help at Home does not deny that Williams was an employee and nor does it contend that there is any applicable exemption (Doc. 17 at p. 4). Rather, the key question is whether Williams was properly compensated for work that Help at Home was aware of.

A plaintiff alleging a federal minimum wage violation must provide sufficient facts to raise a plausible inference that there was at least one workweek where she was underpaid. *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018). In *Hirst*, the Seventh Circuit upheld the dismissal of an FLSA complaint because none of the plaintiffs pleaded

a single workweek in which they were paid, on average, less than the federal minimum wage. *Id*. Here, as in *Hirst*, Williams does not allege sufficient facts about any given workweek that would allow the Court to conclude or infer that Help at Home failed to pay her the federal minimum wage. Instead, Williams merely alleges that she routinely worked 30 hours per week and was not paid minimum wage for all hours worked (Doc. 1 at p. 3). Significantly, without more details, such as how much she was compensated in a given workweek, Williams' complaint does not provide the Court with the information necessary in order to determine whether her average hourly wage could have fallen below $7.25 in any given week. *See, e.g.*, *Hancox v. Ulta Salon, Cosms., & Fragrance, Inc.*, No. 17-CV-01821, 2018 WL 3496086, at *3 (N.D. Ill. July 20, 2018) ("To state a FLSA minimum wage claim, a plaintiff must plausibly allege at least one workweek for which the compensation she received, divided by the total compensable time, failed to meet the FLSA minimum wage of $7.25 per hour."). Williams' failure to provide facts that plausibly suggest she was not paid minimum wage, for at least one workweek, is fatal to this claim, as pleaded. *See Id.*

For these reasons, Help at Home's motion to dismiss Count I is GRANTED and Count I is DISMISSED. However, at this early stage in the proceedings, the dismissal of this claim is without prejudice and Williams is granted leave to file an amended complaint to attempt to address the deficiencies noted above.

## II.     Count II: Violation of the Illinois Minimum Wage Law

In Count II, Williams claims she was entitled to be paid at the minimum wage of $13.00 per hour under the IMWL (Doc. 1 at p. 5). Moreover, Williams contends that Help

at Home violated the IMWL by refusing to compensate her at $15.00 per hour (*Id.*). Help at Home again contends that this count is deficient because the complaint does not establish that Help at Home failed to pay her proper wages and because there is no basis for the $15 per hour payment amount (Doc. 17 at p. 6).[1]

Under the IMWL, from January 1, 2022 through December 31, 2022, "every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $12 per hour, and from January 1, 2023 through December 31, 2023 every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $13 per hour[.]" *See* 820 ILCS 105/4(a)(1). Illinois requires a higher minimum wage than the one established by the FLSA, and therefore, the higher state minimum controls. *See* 29 U.S.C. § 218.[2]

However, the IMWL parallels the FLSA, and the same legal analysis ultimately applies to both claims. *See Knapp v. City of Markham*, No. 10 C 03450, 2011 WL 3489788, at *8 (N.D. Ill. Aug. 9, 2011) ("Claims brought under the FLSA and IMWL are evaluated using the same general analysis."); *Silver v. Townstone Fin., Inc.*, No. 14-CV-1938, 2015 WL 1259507, at *1 (N.D. Ill. Mar. 17, 2015) ("The FLSA and IMWL … are analyzed using the same legal framework."). This means that the deficiencies noted above with respect to Williams' FLSA claim are also deficiencies for her claim pursuant to the IMWL.

---

[1] The Court agrees that Williams has failed to provide any support for the conclusion that she is entitled to be compensated at $15.00 per hour for all hours worked (*see* Doc. 1 at p. 5). While the Court presumes this figure is either a typo or comes from Williams' employment contract with Help at Home, the Court need not consider this issue further because it does not impact the Court's legal analysis.
[2] 820 ILCS 105/4(a)(1) supports Williams' allegation that she is entitled to be compensated at $13 per hour for all work performed, but it does not support her claim for $15 per hour.

Accordingly, Williams has failed to plausibly allege that Help at Home is liable for violations under the IMWL because there are no allegations that would allow the Court to conclude (or even infer) that her average hourly wage fell below $13 for any given week. *See also Nicholson v. UTi Worldwide, Inc.*, No. 309CV722JPG-DGW, 2010 WL 551551, at *4 (S.D. Ill. Feb. 12, 2010) (providing an example of how courts calculate a weekly average wage to determine if it fell below the minimum wage set by Illinois law).

Help at Home's motion to dismiss Count II is GRANTED and Count II is DISMISSED. However, just as with Count I, the dismissal is without prejudice and Williams is granted leave to file an amended complaint.

### III.   Count III: Violation of the Fair Labor Standards Act – Retaliation

Williams also alleges a count for retaliation (Doc. 1 at pp. 5-6). She claims that Help at Home's retaliatory acts, specifically the issuance of five write-ups and threats to terminate her employment, violated Section 15(a)(3) of the FLSA (*Id.*). In response, Help at Home contends that the complaint fails to state a valid retaliation claim because the facts do not allege an incident that would constitute a materially adverse action (Doc. 17 at pp. 7-8).

Under the FLSA, it is unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter[.]" 29 U.S.C. § 215(a)(3). To establish a prima facie case of retaliation, a plaintiff must show: "(1) that he engaged in protected expression; (2) that he suffered an adverse employment action; (3) and that a causal link existed between the protected expression

and the adverse action." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 972 (7th Cir. 2012).

Here, Williams sufficiently pleads that she engaged in a protected activity because filing a complaint with the Illinois Department of Labor, which is what she did here, is a protected activity under the FLSA. *See Sapperstein v. Hager*, 188 F.3d 852, 857 (7th Cir. 1999). However, Williams' complaint falls short because she does not sufficiently allege that she suffered an adverse employment action. "Adverse actions" must be material; not everything that makes an employee unhappy is actionable. *Barker v. YMCA of Racine*, 18 F. App'x. 394, 398 (7th Cir. 2001). Materially adverse actions are defined as those in which a "reasonable employee would find to be materially adverse such that the employee would be dissuaded from engaging in the protected activity." *Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016). The actions must rise above "trivial harms," such as "petty slights or minor annoyances that often take place at work and that all employees experience," which do not qualify as materially adverse. *Lesiv v. Illinois Cent. R.R. Co.*, 39 F.4th 903, 912 (7th Cir. 2022). Adverse employment actions include termination, demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, and significantly diminished material responsibilities. *Barker*, 18 F. App'x. at 398.

Here, the alleged write-ups, alone, do not rise to the level of adverse employment action because there is no indication or allegation that they resulted in any material harm. *See Burrell v. United Parcel Service, Inc.*, 163 F.Supp.3d 509, 526 (N.D. Ill. Feb. 16, 2016) (finding a supervisor's write-up was not an adverse employment action because the warning did not result in any suspension, demotion, termination, loss in pay, loss of

benefits, or any other change in her employment); *Green v. In-Sink-Erator*, No. 07-CV-461, 2009 WL 2059082, at *6 (E.D. Wis. July 15, 2009) (Because the plaintiff did not offer any evidence demonstrating that the write-ups had a tangible job consequence, "the court could not have found that the write-ups were materially adverse employment actions, even if [the defendant] had not submitted evidence showing that the write-ups were not adverse employment actions."). Similarly, Williams has not demonstrated that the threats of termination constitute adverse employment action. Crucially, Williams was never terminated from her employment nor was she ever put on suspension or unpaid leave (Doc. 17 at 8; *see also* Doc. 1). "An unfulfilled threat, which results in no material harm, is not materially adverse." *Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520, 531 (7th Cir. 2003); *Lewis v. Wilkie*, 909 F.3d 858, 869 (7th Cir. 2018); *Aguilar v. St. Anthony Hosp.*, 207 F. Supp. 2d 747, 756 (N.D. Ill. 2001) ("As for plaintiff's allegation that she was threatened with termination for speaking Spanish or otherwise, the Seventh Circuit has made clear that a threat of termination is not an employment action at all under the law.").

Without providing more factual allegations surrounding the write-ups and threats of termination, Williams has failed to allege any tangible consequence that had an effect on her compensation or career prospects. *See Sweeney v. West*, 149 F.3d 550, 556 (7th Cir. 1998) ("Absent some tangible job consequence accompanying those reprimands, we decline to broaden the definition of adverse employment action to include them."). Accordingly, Williams has not alleged enough facts to support a finding of adverse employment action. *See Poullard*, 829 F.3d at 856 (finding "threats of unspecified disciplinary action" that "had no effect on [the plaintiff's] compensation or career

prospects" were not adverse employment actions); *Grube v. Lau Industries, Inc.*, 257 F.3d 723, 729 (7th Cir. 2001) (finding unfair reprimands or negative performance evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions).

Consequently, Help at Home's motion to dismiss the retaliation claim is GRANTED. However, just as with Counts I and II, this dismissal is without prejudice and Williams is granted leave to file an amended complaint that addresses the deficiencies identified above.[3]

## CONCLUSION

Defendant, Help at Home's motion to dismiss is **GRANTED** and Plaintiff Barbara Williams' complaint is **DISMISSED without prejudice** (*see* Doc. 1). Plaintiff is **GRANTED** leave to file an amended complaint addressing the deficiencies in Counts I, II and III. Plaintiff shall have until **May 17, 2024,** to file a First Amended Complaint. If Plaintiff declines or fails to amend her complaint by the deadline, this action will be dismissed with prejudice.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

---

[3] Help at Home also requests that portions of Williams' complaint be stricken because they contain "prejudicial and unsupported allegations" related to fraud that "do not provide any sustenance to Plaintiff's three-count Complaint under the Fair Labor Standards Act" (Doc. 17 at p. 8). However, as best the Court can tell, Williams' allegations related to fraudulent practices are highly relevant to her claim that she was retaliated against for reporting that conduct. Accordingly, the Court DENIES Help at Home's request to strike these allegations from the Complaint (*see Id.* at pp. 8-9).